### (November 10, 1975)

■ ROSE RUBIN et al., Appellants, v HEVRO REALTY CORP. et al., Respondents.—Order, Supreme Court, New York County, entered August 1, 1975, and order, Supreme Court, New York County, entered August 22, 1975, each unanimously affirmed, without costs and without disbursements. Respondent City of New York has taken steps to turn off all electricity in the building occupied by plaintiffs-appellants tenants because inspection has disclosed the existence of fire-hazard conditions. The tenants have sought in this class action to enjoin preliminarily the disconnection, and the first enumerated order has denied the application therefor. The second order has denied an application to relieve plaintiffs of the consequences of the earlier order (CPLR 5015). Included in the denied relief sought was an order directed to the 70-year-old building's owners to correct the dangerous conditions and, failing that, to compel the Housing and Development Administration to make the required repairs. A stay of the disconnection orders, pending which a continuous fire watch is kept, is in effect. Various causes are pleaded: a conspiracy amongst defendants to cause unlawful eviction from the rent-controlled building—only 30 tenants remain of over 500—; to declare unconstitutional section B30-20.0 of the New York City Administrative Code, under which the disconnect order was made; to compel the owners to restore "a valuable property" which harbors many building code violations. The refusal to enjoin enforcement of the order to disconnect was, in all the described circumstances, a valid exercise of discretion. Affidavits of highly qualified persons attest to the dangerous conditions, which are admitted to be such, thus obviating a hearing on the subject. The right to injunctive relief is far from clear and, on application for preliminary injunction none of the other causes should be considered. Immediate evacuation, though not sought, would be in the interest of safety, and whatever allegations are made in support of the other causes cannot operate to avoid or postpone implementation of the order to turn off the electrical current, carrier of the threat of fire hazard. To avoid undue hardship to the tenants in finding other quarters, the existent stay will be continued for 20 days following publication hereof in the *New York Law Journal.* Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.

### (November 13, 1975)

■ UNITED MUTUAL SAVINGS BANK, Appellant, v ST. ANDREW ASSOCIATES, Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered on February 21, 1975, unanimously affirmed on opinion of Helman, J., at Special Term, and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Nunez, JJ.

■ RICHARD GANGEL, Respondent, v N. DEGROOT et al., Defendants, and HENRIJEAN & CIE et al., Appellants.—Order, Supreme Court, New York County, entered on February 3, 1975, unanimously affirmed for the reasons stated by Stecher, J., at Special Term, and that the respondent shall recover of the appellants $60 costs and disbursements of this appeal. No opinion. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Nunez, JJ.